**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **LARRY G. PHILPOT,** § | |
| § | |
| **Plaintiff** § | |
| § | |
| **V.** § | Civ. Action No: 3:18-cv-1169-J-20JBT |
| § | |
| **DAVID ROONEY,** § | |
| § | |
| **Defendant.** § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Larry G. Philpot ("Philpot" or "Plaintiff") files this First Amended Complaint and Jury Demand against David Rooney ("Rooney" or "Defendant") on personal knowledge as to all facts regarding himself and on information and belief as to all other matters, as follows:

**I.**

**PRELIMINARY STATEMENT**

Photographers create pieces that extend well beyond the four corners of the photograph to evoke sentiments within the viewer so that the viewer is a part of the moment captured in time. For concert photographers, the odds are almost always against them—the musicians are constantly moving, the lighting is usually dark and typically changing, and it is practically impossible to secure a good vantage point. But every now and then, a photographer is able to get a great shot, the kind of iconic shot that does exactly what photographs are supposed to do, make the viewer a part of that very moment in time.

Larry Philpot, an experienced freelance photographer, created an iconic photograph of Kid Rock, capturing a moment in time with the artist amidst the turbulence of a music concert. This

photograph is the type of awe-inspiring work that can make a successful photography career. Philpot offered the photograph under a Creative Commons license, permitting members of the public to use the photos provided that the photos are properly attributed to Philpot.

Defendant David Rooney copied and posted Philpot's photograph of Kid Rock onto his website The Gear – The Official Blog of Ticket Process as his own, thereby infringing on Philpot's copyrighted work. In freelance photography, the reputation and licensing revenue guarded by copyright law are a photographer's sole means to support their career. Defendant stole both of those from Philpot. Larry Philpot brings this action to protect not just his rights under copyright law, but also his livelihood as a photographer.

## II.

## PARTIES

### A. Plaintiff

1. Plaintiff Larry G. Philpot is a citizen and resident of the State of Indiana. Philpot is a renowned freelance photographer who specializes in photographing concerts and musical performances across the United States.

### B. Defendant

2. Defendant David Rooney is an individual, who upon information and belief, is a citizen and resident of the State of Michigan, and may be served at 13690 Carriage Trail Drive, Davisburg, Michigan 48350-1667 or wherever he may be found.

## III.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiff presents a civil claim arising under the Constitution, laws, or treaties of the United States.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this civil action arises under an Act of Congress relating to copyrights, namely the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

5. This Court has personal jurisdiction over Defendant David Rooney because he conducts business in the State of Florida and the acts alleged herein occurred in the State of Florida.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the acts alleged herein occurred in the State of Florida.

## IV.

## FACTUAL BACKGROUND

### A. The Highly Competitive World of Freelance Concert Photography

7. To say that concert photography is a tough business is a severe understatement. Before having the opportunity to even take a photo, concert photographers must invest in expensive equipment and negotiate to obtain access to the concert stage. At the concert, they must battle all the variables that arise from an uncontrolled setting—a rowdy crowd, horrible lighting that is always changing, and musicians constantly moving. Not to mention, it is really loud. As a result, despite all of their efforts and hard work, concert photographers often take photographs that are entirely unusable, where the rock stars appear as blurs and washy blobs.

8. Financially, it can be difficult to maintain a steady income stream from concert photography. Freelance concert photographers only earn money when they license or sell their work product. If the photographs are unusable, which is often the case, or simply aren't good, then the photographers do not receive any type of payment.

9. And, in today's technological age where anyone with a smart phone can take pictures at concerts, concert photography is becoming significantly more competitive, making it even more imperative to capture *the* perfect shot. Because that is all that there is demand for—a

few once-in-a-lifetime shots for each star.  It doesn't matter if a concert photographer takes 100 good shots of a star at a concert—an article about Kid Rock, for example, only needs one picture of Kid Rock—*the best one*.

10.     In such a competitive environment, it is essential that concert photographers receive the compensation and credit to which they are entitled, but also need to advance their career.

**B.  Larry Philpot: A Professional Concert Photographer**

11.     Larry Philpot is a renowned freelance photographer who specializes in taking photographs of musicians at concerts and other performances.  Philpot has invested tens of thousands of dollars in equipment and has spent years perfecting his craft.  He has established a strong reputation for himself and his work, and due to his professional reputation, he often obtains privileged access to take photographs of musical performers at concerts.

12.     Philpot's reputation as a premier photographer is critical to his business.  The more his photographs are viewed with proper attribution provided to him, the more access he can obtain to take celebrity photographs, and the more he can command in licensing fees.

13.     Philpot regularly licenses his photographs to end customers, including Rolling Stone—it is how he earns his living and expands his business.  Philpot has also licensed his photographs to premier musicians, including KISS, John Mellencamp, and Kid Rock.

**C.  Philpot Creates the Kid Rock Photograph**

14.     On August 25, 2013, Philpot created a photograph of Kid Rock in Indianapolis, Indiana (the "Kid Rock Photo").  A true and correct copy of the Kid Rock Photo is attached as Exhibit A.

15.     The Kid Rock Photo is an original work that Philpot registered with the United States Copyright Office as part of a collection of photographs on November 25, 2013.  The Kid Rock Photo is registered with the United States Copyright Office under Certificate Number VAu

1-182-727. A copy of the copyright registration certificate for the Kid Rock Photo is attached as Exhibit B.

16. As the owner of the copyright in the Kid Rock Photo, Philpot has the exclusive rights to (1) reproduce the Kid Rock Photo in copies, (2) prepare derivative works based on the Kid Rock Photo, (3) distribute copies of the Kid Rock Photo to the public by sale or other transfer of ownership, or by rental, lease, or lending, and (4) display the Kid Rock Photo publicly.

17. Philpot first displayed the Kid Rock Photo on September 21, 2013 on the Wikimedia website. The original full-sized photo can be found at https://commons.wikimedia.org/wiki/File:Kid_Rock_2013.jpg. A copy of this webpage with the Kid Rock Photo is attached as Exhibit C.

18. The Kid Rock Photo has become one of the most widely-viewed pictures of Kid Rock.

**D. The Creative Commons License**

19. A Creative Commons license is a simple, standardized copyright license that anyone can use to license their work. The copyright holder designates their work as governed by a Creative Commons license, and anyone may use the work provided they adhere to the terms of the license.

20. In an effort to market his freelance photography practice, Philpot offered the Kid Rock Photo through Wikimedia for distribution, public display, and public digital performance under a Creative Commons Attribution-ShareAlike 3.0 Unported Generic license (abbreviated as "CC BY-SA 3.0"). A copy of the CC BY-SA 3.0 license is attached as Exhibit D.

21. This license allows anyone to use the work, provided that they, among other requirements:

    a. Include a copy of the Uniform Resource Identifier for the CC BY-SA 3.0;

      b. Provide attribution to the author of the work; and

      c. Provide the Uniform Resource Identifier that the licensor specifies to be included with the work.

### E. Restrictions on the Kid Rock Photo

22. At the Wikimedia website, Larry Philpot provided the following description for the Kid Rock Photo, "English: Kid Rock performs at the Klipsch Music Center in Indianapolis." Philpot also provided the following attribution requirement: "Attribution: Photo Credit: Larry Philpot of www.soundstagephotography.com."

### F. Defendant Rooney Infringed on Philpot's Copyright in the Kid Rock Photo.

23. At all relevant times, Defendant Rooney owned and operated the website located at www.blog.ticketprocess.com.

24. Defendant used and uses the website at www.blog.ticketprocess.com for financial gain by selling tickets to consumers and advertising to third parties.

25. The website located at www.blog.ticketprocess.com contained and contains the following notation, "Copyrights © 2014 BUZZBLOG. All Rights Reserved" on each page of the website.

26. Defendant infringed Philpot's copyright in the Kid Rock Photo by publishing, copying, and displaying the Kid Rock Photo on the www.blog.ticketprocess.com website at: blog.ticketprocess.com/austin-city-limit-lineup-info/, blog.ticketprocess.com/david-gilmour-2016-tour-announced/, and blog.ticketprocess.com/lorde-tour-2014/. A copy of these webpages as these appeared with the Kid Rock Photo is attached as Exhibit E.

27. Defendant did not provide attribution to Philpot when he published the Kid Rock Photo on these webpages.

28. Defendant did not list or link to Philpot's website, soundstagephotography.com, when he published the Kid Rock Photo on these webpages.

29. Philpot discovered these infringements on October 8, 2015.

30. Defendant also infringed Philpot's copyright in the Kid Rock Photo by publishing, copying, and displaying the Kid Rock Photo on the www.blog.ticketprocess.com website at: http://blog.ticketprocess.com/?s=kid+rock and http://blog.ticketprocess.com/kid-rock-preforming-at-the-district-detroit-new-arena/. A copy of these webpages as these appeared with the Kid Rock Photo is attached as Exhibit F.

31. Defendant did not provide attribution to Philpot when he published the Kid Rock Photo on these webpages.

32. Defendant did not list or link to Philpot's website, soundstagephotography.com, when he published the Kid Rock Photo on these webpages.

33. Defendant further infringed Philpot's copyright in the Kid Rock Photo by publishing, copying, and displaying the Kid Rock Photo on his Facebook and Twitter pages. A copy of these webpages as these appeared with the Kid Rock Photo is attached as Exhibit G.

34. Defendant did not provide attribution to Philpot when he published the Kid Rock Photo on his Facebook and Twitter pages.

35. Defendant did not list or link to Philpot's website, soundstagephotography.com when he published the Kid Rock Photo on his Facebook and Twitter pages.

36. Philpot discovered these infringements on September 25, 2018.

## G. The Damage Done

37. Defendant passed off Philpot's Kid Rock Photo as its own, ignoring Philpot's primary requirement under the Creative Commons license to allow Defendant to use his

copyrighted work—the credit. Philpot has been deprived of the credit for taking the exceptional Kid Rock Photo.

## V.

## CLAIMS

### A. Count One: Copyright Infringement

38. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

39. Plaintiff owns a valid copyright in the Kid Rock Photo.

40. Defendant operates and operated the website located at www.blog.ticketprocess.com.

41. Defendant published, copied, and displayed the Kid Rock Photo at blog.ticketprocess.com/austin-city-limit-lineup-info/.

42. Defendant published, copied, and displayed the Kid Rock Photo at blog.ticketprocess.com/david-gilmour-2016-tour-announced/.

43. Defendant published, copied, and displayed the Kid Rock Photo at blog.ticketprocess.com/lorde-tour-2014/.

44. Defendant published, copied, and displayed the Kid Rock Photo at http://blog.ticketprocess.com/?s=kid+rock.

45. Defendant published, copied, and displayed the Kid Rock Photo at http://blog.ticketprocess.com/kid-rock-preforming-at-the-district-detroit-new-arena/.

46. Defendant published, copied, and displayed the Kid Rock Photo on Defendant's Facebook page.

47. Defendant published, copied, and displayed the Kid Rock Photo on Defendant's Twitter page.

48. Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

49. Defendant acted with willful disregard of the laws protecting Plaintiff's copyrights.

50. Defendant infringed Plaintiff's copyrights in the Kid Rock Photo in violation of 17 U.S.C. § 501.

51. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable, including but not limited to damage to his business reputation and goodwill.

52. Plaintiff is informed and believes and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendant of all monies generated from the Kid Rock Photo.

53. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for each work willfully infringed by Defendant in an amount of $150,000 per work infringed, and in the unlikely event that Defendant's infringement is not found to be willful, Plaintiff is entitled to seek maximum statutory damages of $30,000 per work infringed by Defendant.

54. Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts. Accordingly, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502, as well as seizure of the Kid Rock Photo.

55. Plaintiff is entitled to recover from the Defendant his attorney's fees and costs of suit, pursuant to 17 U.S.C. § 505.

## VI.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## VII.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

1. Pursuant to 17 U.S.C. § 502, that Defendant, his agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, but not limited to reproducing, distributing, displaying, performing or making derivatives of any of the Kid Rock Photo;

2. Pursuant to 17 U.S.C. § 503, that Defendant be ordered to:

   a. Retrieve, to the extent possible, all copies of the Kid Rock Photo;

   b. Inform all recipients of the Kid Rock Photo of Plaintiff's ownership;

   c. Inform all recipients of the Kid Rock Photo that Defendant was not authorized to reproduce, distribute, display, perform, or make derivatives of the Kid Rock Photo;

3. Pursuant to 17 U.S.C. § 504, that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from his acts of copyright infringement;

4. That Defendant be required to perform a complete and full accounting of all profits generated by Defendant from the Kid Rock Photo;

5. Pursuant to 17 U.S.C. § 504, that upon Plaintiff's election, Defendant be required to pay statutory damages up to $150,000 for each work infringed for his acts of copyright infringement, and in the event the factfinder determines that Defendant's infringement was not willful, that Defendant be required to pay statutory damages up to $30,000 for each work infringed for his acts of copyright infringement;

  6. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4) and (5), Defendant be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorney's fees; and

  7. Plaintiff be granted all other and further relief to which he is entitled.

Dated: May 8, 2019

        Respectfully submitted,

        **PARWANI LAW, P.A.**

        /s/ Rinky S. Parwani
        Rinky S. Parwani
        Florida Bar No. 629634
        Parwani Law, P.A.
        9905 Alambra Avenue
        Tampa, Florida 33619
        Tel: 813-514-8280
        Fax: 813-514-8281
        Email: rinky@parwanilaw.com

        **ATTORNEY FOR PLAINTIFF**